IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES LEE FRANKLIN, JR., and ADDIE CHRISTINE FRANKLIN,<br><br>**Plaintiffs,**<br><br>v.<br><br>**LAKEVIEW LOAN SERVICING, LLC,**<br><br>**Defendant.** | Case No. 3:25-CV-361-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiffs James Lee Franklin, Jr., and Addie Christine Franklin ("Plaintiffs"), proceeding *pro se*, filed this civil action against Lakeview Loan Servicing, LLC ("Lakeview"), on March 18, 2025. (Doc. 3). Plaintiffs allege that Lakeview, their mortgage servicer, violated the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA").[1] (*Id.*). They also allege Illinois state law claims for fraudulent representation and unjust enrichment. (*Id.*). Plaintiffs claim that Lakeview fraudulently charged property taxes, mismanaged their escrow account, and wrongfully initiated foreclosure proceedings despite their acquisition of a property tax exemption. (*Id.*).

Now before the Court is a Motion to Dismiss filed by Lakeview. (Doc. 17). Plaintiffs filed a response in opposition (Docs. 21-23), and Lakeview filed a reply brief. (Doc. 25). For the following reasons, Lakeview's motion is granted.

---

[1] Plaintiffs also mention the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Federal Trade Commission Act ("FTCA") as federal statutes that are at issue in this case, although they do not make any specific allegations supporting these claims.

## BACKGROUND

On April 6, 2021, James Franklin obtained a loan for $659,835.00 from Fairway Independent Mortgage Corporation to purchase a property located at 2331 Pebble Creek Drive in Alton, Illinois ("the Property"). (Doc. 17-1). Addie Franklin was named as a co-borrower. (*Id.*). Plaintiffs allege that Lakeview is a mortgage loan servicing company that manages escrow accounts and tax payments for mortgaged properties across multiple states, including Illinois. (Doc. 3 at ¶ 9). Lakeview is the master loan servicer of Plaintiffs' mortgage, while M&T Bank is the sub-servicer of the loan. (*See* Doc. 5).

On July 12, 2021, Saints International Assemblies was added to a newly recorded deed as a joint owner of the Property. (Doc. 5 at p. 6). As a result, the Illinois Department of Revenue agreed the Property should be exempt from property tax beginning July 12, 2021. (*Id.*). Despite the Property's tax-exempt status, Plaintiffs allege, Lakeview improperly charged property taxes and added them to Plaintiffs' escrow account. (Doc. 3 at ¶ 11). Although Plaintiffs repeatedly informed Lakeview of the tax-exempt status and requested a correction, Lakeview failed to correct the error, continued to assess fraudulent tax charges, and attempted to collect the invalid debts. (*Id.* at ¶¶ 12-13). Lakeview also allegedly wrongfully initiated foreclosure proceedings, although documentation attached to Plaintiffs' Complaint shows that Plaintiffs stopped making mortgage payments in October 2022. (*Id.* at p. 5; Doc. 5 at pp. 25-27, 31). Plaintiffs allege that Lakeview's actions have caused them financial harm, including inaccurate credit reporting, additional financial burdens, and emotional distress. (*Id.* at ¶ 14).

Plaintiffs' Complaint alleges claims under RESPA and TILA, as well as Illinois

state law claims for fraudulent misrepresentation and unjust enrichment. As relief, Plaintiffs seek $8,820,000 in compensatory damages for the financial and emotional harm caused by the wrongful foreclosure, damage to their credit, and escrow mismanagement. They also request punitive damages of $4,080,000 to deter Lakeview from continuing fraudulent business practices and to punish it for willful misconduct. Plaintiffs further claim they have lost an additional $4,080,000 in properties they were forced to sell or lost due to Lakeview's wrongful conduct. In total, Plaintiffs seek $17,700,000 in damages.

## LEGAL STANDARD

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must consider whether the complaint states a claim for relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff need not plead detailed factual allegations, but must provide more than "a formulaic recitation of the elements;" conclusory statements are not enough to support causes of action on their own. *Twombly*, 550 U.S. at 570; *see also Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 645 (7th Cir. 2022) ("all a complaint must do is state a plausible narrative of a legal grievance that, if proved, would entitle the plaintiff to relief").

In evaluating a complaint on a motion to dismiss, "district courts are free to consider 'any facts set forth in the complaint that undermine the plaintiff's claim.'" *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024) (quoting *Bogie v. Rosenberg*, 705 F.3d

603, 609 (7th Cir. 2013)). "The court, therefore, may examine exhibits, including video exhibits, attached to the complaint, or referenced in the pleading if they are central to the claim." *Id.*; *see also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (explaining that a court may consider exhibits referred to in a complaint, even if not attached to it, as "plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit").

## DISCUSSION

### I.  Real Estate Settlement Procedures Act (RESPA) (Count I)

In Count I, Plaintiffs allege Lakeview violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, because Lakeview mismanaged their escrow account and charged wrongful taxes.

Although Plaintiffs have not specified any section of RESPA that they believe Lakeview violated, subsection (g) applies to escrow accounts and provides:

> **(g) Administration of escrow accounts**
>
> If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due. Any balance in any such account that is within the servicer's control at the time the loan is paid off shall be promptly returned to the borrower within 20 business days or credited to a similar account for a new mortgage loan to the borrower with the same lender.

12 U.S.C. § 2605(g).

The statute defines "servicer" as "the person responsible for servicing of a loan

(including the person who makes or holds a loan if such person also services the loan)." § 2605(i)(2). The term "servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . , and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." § 2605(i)(3).

Lakeview first argues that Count I must be dismissed because RESPA only applies to the servicer of a mortgage loan, and Plaintiffs do not allege that Lakeview was the servicer of the loan at issue in this case. Lakeview asserts that all correspondence attached to Plaintiffs' Complaint, including letters, mortgage statements, and payment histories, is between Plaintiffs and M&T Bank. (Doc. 5 at 3, 7-8, 15-18, 30-33). Plaintiffs' Complaint, however, alleges that Lakeview "is a mortgage loan servicing company that manages escrow accounts and tax payments for mortgaged properties across multiple states, including Illinois." (Doc. 3 at p. 10). Plaintiffs further allege that Lakeview "improperly charged property taxes on this tax-exempt property and added them to Plaintiffs' escrow account." (*Id.*). Lakeview, in its Statement of Facts, acknowledges that "Lakeview is the master loan servicer while M&T Bank is the subservicer of the mortgage loan." (Doc. 17 at p. 3). Thus, the Court finds that Plaintiffs have adequately alleged that Lakeview is the loan servicer of the loan at issue.

Lakeview also argues that even it is the loan servicer, no RESPA violation occurred. To state a RESPA claim, a plaintiff must allege that the loan servicer failed to comply with one RESPA's requirements and that the plaintiff suffered actual injury as a

result. *See Saccameno v. Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609, 637 (N.D. Ill. 2019) (citing *Baez v. Specialized Loan Servicing, LLC*, 709 F. App'x 979, 982 (11th Cir. 2017) ("[T]o prevail on a RESPA claim, a plaintiff must show (1) a failure to comply with a RESPA obligation and (2) actual damages sustained as a result of the failure to comply.").

Section 2605(g) requires a loan servicer to make payments from an escrow account for taxes, insurance premiums, and other charges in a timely manner. It further requires the servicer to promptly return, within 20 days, any balance in the escrow account that is within the servicer's control at the time the loan is paid off. Plaintiffs have not alleged that Lakeview failed to make tax or insurance payments in a timely manner, nor have they alleged that the loan was paid off and Lakeview failed to promptly return any escrow balance. Accordingly, Plaintiffs have failed to state a claim under RESPA and Count I will be dismissed.

## II.     Truth in Lending Act (TILA) (Count II)

In Count II, Plaintiffs assert Lakeview violated the Truth in Lending Act ("TILA"), 15 U.S.C. 1601, *et seq.*, when it failed to provide clear, accurate, and timely disclosures about the status of Plaintiffs' escrow payments and tax obligations. By falsely claiming that property taxes were due despite the property's tax-exempt status, Plaintiffs allege, Lakeview engaged in misleading and deceptive loan servicing practices in violation of TILA's disclosure requirements.

"TILA was intended to ensure that consumers are given 'meaningful disclosure of credit terms' and to protect consumers from unfair credit practices." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011) (quoting 15 U.S.C. § 1601(a)). With certain

exceptions, "any action under TILA must be brought within one year from the date of the occurrence of the violation." 15 U.S.C. 1640(e).

Lakeview first argues Plaintiffs are time-barred from alleging a TILA violation because they filed the Complaint more than one year after Lakeview allegedly failed to provide clear, accurate, and timely disclosures about the status of Plaintiffs' escrow payments and tax obligations. True, § 1640(e) of TILA provides that any action for damages must be brought within one year from the date of the occurrence of the violation. But, it then states: "Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought . . . before the end of the 3-year period beginning on the date of the occurrence of the violation." § 1640(e). Sections 1639, 1639b, and 1639c apply to residential mortgage loans. Without further argument on which TILA provisions were allegedly violated and whether §§ 1639, 1639b, or 1639c apply in this case, the Court cannot say that Plaintiffs' claim is barred by the statute of limitations.

Lakeview also argues that Plaintiff's claim fails because TILA does not create a private right of action against mortgage servicers or their employees. With this, the Court agrees. Courts examining § 1640, which imposes civil liability for a violation of TILA, have noted that it only applies to creditors—not loan servicers like Lakeview. *Iroanyah v. Bank of Am.*, 753 F.3d 686, 688 n.2 (7th Cir. 2014) (loan servicers cannot be liable for damages under TILA); *Dawoudi on behalf of Plaintiff v. Nationstar Mortg. LLC*, 448 F. Supp. 3d 918, 928 (N.D. Ill. 2020) ("it remains well settled that TILA liability does not extend to loan servicers"). Because there is no dispute that Lakeview is a loan servicer—not a

creditor—Plaintiffs' claim for damages under TILA fails and Count II will be dismissed.

### III.  Fraudulent Misrepresentation (Count III)

In Count III, Plaintiffs assert that Lakeview fraudulently misrepresented the Property's tax obligations to induce Plaintiffs to pay money not legally owed, in violation of Illinois law.

A plaintiff can sustain a cause of action for fraudulent misrepresentation in Illinois by alleging "(1) [a] false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from that reliance." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012) (citing *Dloogatch v. Brincat*, 920 N.E.2d 1161, 1166 (Ill. App. Ct. 2009)). "Under the heightened federal pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff "alleging fraud . . . must state with particularity the circumstances constituting fraud." *Id.* (quoting *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("This heightened pleading requirement is a response to the great harm to the reputation of a business firm or other enterprise a fraud claim can do.")).

Here, Plaintiffs allege simply that Lakeview "knowingly misrepresented the property's tax obligations, despite Plaintiffs' documented proof of tax exemption," that Lakeview's "false statements and wrongful charges were intended to induce Plaintiffs to pay money not legally owed," and that "Plaintiffs relied on these misrepresentations and suffered financial harm as a result." (Doc. 3 at p. 11). Plaintiffs allegations fall short of the heightened pleading requirements for allegations of fraud. They have not identified any

false statements made by Lakeview, when those statements were made, or how Lakeview induced Plaintiffs to do so. In other words, Plaintiffs have not explained the "who, what, when, where, and how" of the fraud. *Wigod*, 673 F.3d at 569. Furthermore, although Plaintiffs have attached numerous documents to their Complaint, none of them even mention Lakeview. All correspondence appears to be between Plaintiffs and M&T Bank. (*See* Doc. 5). Thus, Plaintiffs' fraudulent misrepresentation claim in Count III shall be dismissed.

## IV.  Unjust Enrichment

In Count IV, Plaintiffs claim Lakeview was unjustly enriched in violation of Illinois law when it collected and retained the fraudulent tax payments. Plaintiffs allege that Lakeview "wrongfully profited by collecting fraudulent tax payments and misallocating escrow funds," and that "retention of these unlawfully collected funds constitutes unjust enrichment, requiring restitution." (Doc. 3 at ¶¶ 24-25).

"Unjust enrichment is not a separate cause of action under Illinois law." *Horist v. Sudler*, 941 F.3d 274, 281 (7th Cir. 2019). "Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust." *Cleary v. Philip Morris, Inc.*, 665 F.3d 511, 517 (7th Cir. 2011). "[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim."

Plaintiffs allege that they were injured by Lakeview's collection of fraudulent tax payments and misallocation of escrow funds. Because their unjust enrichment claim rests

on the same conduct alleged in Counts I, II, and III, which have been dismissed, Plaintiffs unjust enrichment claim also fails. *See Alliance Acceptance Co. v. Yale Ins. Agency*, 648 N.E.2d 971, 977 (Ill. App. Ct. 1995) ("The term 'unjust enrichment' is not descriptive of conduct that, standing alone, will justify an action for recovery") (quoting *Charles Hester Enterpr., Inc. v. Ill. Founders Ins. Co.*, 484 N.E.2d 349, 354 (Ill. App. Ct. 1985)). Accordingly, Count IV shall also be dismissed.

## V.     Other Federal Statutory Claims

In addition to the above-mentioned claims, Plaintiffs reference the following federal statutes as bases for federal question jurisdiction: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 745(a). (Doc. 3 at p. 4). Defendant argues that Plaintiffs have failed to articulate which sections provide a right of action and have not alleged any facts supporting claims under these statutes. (Doc. 17 at 12-15). Plaintiffs do not provide any legal precedent or analysis to counter these assertions.

Despite making bare references to the FDCPA, FCRA, and FTCA in their Complaint, Plaintiffs failed to allege any facts that would support a claim under these statutes. Thus, to the extent Plaintiffs intended to bring causes of action under these laws, the claims are dismissed.

## CONCLUSION

For these reasons, Defendant Lakeview Loan Servicing, LLC's Motion to Dismiss (Doc. 17) is **GRANTED**. The Complaint filed by Plaintiffs James Lee Franklin, Jr., and

Addie Christine Franklin is **DISMISSED without prejudice**.

Plaintiffs are **GRANTED** leave to file an amended complaint on or before **February 6, 2026**. Failure to do so will result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

DATED:   January 7, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**